FIGUEROA & GAUTIER, Plaintiff and Appellant, *v.* MANUEL V. DOMENECH, substituted by R. SANCHO BONET, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 7457. Argued June 17, 1938.—Decided July 28, 1938.

*Emilio S. Belaval* for appellant. *B. Fernández García, Attorney General,* and *M. Rodríguez Ramos, Assistant Attorney General,* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

The plaintiff herein is a mercantile partnership engaged, among other things, in the sale of motor vehicles. Its business is organized in such a way that it has in several cities of the Island what it calls dealers and sub-dealers, who are persons or firms to whom it sells automobiles at a price lower than that set for other people, and who are thus enabled to resell the vehicles thus bought at a profit. The dealers and sub-dealers are not agents of the plaintiff, the only relationship existing between them being that of vendor and purchaser. The plaintiff also sells on its own account to other persons who, of course, are not granted the special price with which the dealers and sub-dealers are favored.

From August 11, 1931, to April 30, 1932, the plaintiff sold to dealers and sub-dealers the automobiles and motor trucks that appear in the report which it exhibited with the complaint and which contains the special price paid by dealers and sub-dealers for each vehicle. The plaintiff attempted to pay the 10 per cent tax fixed by the Excise Law for motor vehicles, and took as a basis the special price at which they had been sold. The defendant Treasurer, however, refused to accept said price as the current selling price in Puerto Rico and then, as a compromise, the plaintiff set the price which it considered as the current price for the automobiles

sold as above stated, without prejudice to bringing the proper action to recover the excess tax thus paid by it.

The plaintiff paid under protest each and every one of the excises thus fixed and then filed the complaint in the present case within the statutory time for the recovery, not of the whole tax as paid, but of such part thereof as represented the increase in price made in the settlement with the Treasurer, the total of such increase amounting to $4,411.32.

The defendant first demurred and then filed an answer. The case was tried on February 6, 1935, and on August 25, 1936, the court gave judgment dismissing the complaint on the merits, without special imposition of costs. The present appeal has been taken from that judgment, and as grounds for reversal the appellant assigns the following errors, claimed to have been committed by the district court:

"1. The district court erred in finding that the plaintiff and appellant had failed to prove 'which was the price of distribution prevailing in the market when the sales were made, that is, the current selling price in Puerto Rico.'

"2. The district court erred in finding that the price at which Figueroa & Gautier sold to its dealers was not market price in Puerto Rico for such transactions.

"3. The district court erred in refusing to allow the plaintiff and appellant to show the discrimination against it in connection with the collection of excise taxes regarding other undertakings in Puerto Rico, some of them dealing also in automobiles.

"4. The district court erred in holding that the plaintiff and appellant had failed to prove its case."

The four errors assigned by the appellant relate to the construction to be given to section 16 of Act No. 85 of August 20, 1925 (Session Laws, p. 584), as amended by Act No. 83 of May 6, 1931 (Session Laws, p. 504), in connection with sections 4 and 37 of the same act. Hence we will consider those assignments jointly.

Section 16 of Act No. 85 of 1925, as amended by Act No. 83 of 1931, in its pertinent part reads as follows:

"Section 16.—There shall be collected and paid, once only, as an internal-revenue tax on the following articles sold, transferred, used or consumed in, or introduced into Puerto Rico, and on the articles comprised in this section of the law:

". . . . . . . . .

"8. *Motor vehicles, launches and boats.*—On every motor vehicle, including automobiles, autocars, trucks, etc., sold, transferred, manufactured or used in, or introduced into Puerto Rico, a tax of ten (10) per cent on the selling price in Puerto Rico: . . ."

The last paragraph of the section above-transcribed imposes a 10 per cent excise tax *on the selling price in Puerto Rico*. Let us now see what should be understood as "selling price" within the purview of the cited act. Section 4 thereof defines it as follows:

"Section 4.—*Definition of the term 'selling price'.*—For the purposes of collection and payment of the taxes herein prescribed, the term 'selling price' under all circumstances, shall be construed to mean: (*a*) in the case of articles sold at wholesale, the exact price at which the taxable article or commodity is sold; (*b*) in the case of articles sold at retail or at a unit price, the exact price at which the taxable article or commodity is sold; (*c*) . . . .

"In no case shall a price be accepted as the selling price for the purpose of taxation, which is less than the price currently paid on the market of Puerto Rico for similar articles at the time the taxable article or commodity is sold, transferred, used, consumed or manufactured in, or introduced into, Puerto Rico."

Section 37 of the same act makes dealers liable for the payment of the tax on all articles introduced by them. Said section reads thus:

"Dealers shall be liable for the payment of the tax upon selling or transferring the taxable article to another dealer or consumer."

From the evidence it appears that the sales which the plaintiff makes to its dealers and sub-dealers are at a unit price, and the last paragraph of section 4 provides that in no case shall a price be accepted as the selling price for the purpose of taxation, *which is less than the price currently*

*paid on the market of Puerto Rico* for similar articles at the time the taxable article or commodity is sold, transferred, used, consumed or manufactured in, or introduced into, Puerto Rico. In our judgment, this last paragraph furnishes us with the light necessary for a correct determination of the controversy herein.

According to the above-quoted statutory provisions, the selling price for the purpose of assessing and collecting the tax is not the special price at which the plaintiff sells to its dealers, but the current price on the market of Puerto Rico at the time of such sale, unless it happened,—which is indeed very improbable—, that the selling price to the dealer should be higher than the market price, in which case the former would serve as a basis for the assessment of the excise tax.

If we construed the law as contended by the plaintiff, we would have to disregard the last paragraph of section 4 above-transcribed, which provides that in no case shall a price be accepted as the selling price for the purpose of taxation, which is less than the price currently paid on the market of Puerto Rico for similar articles etc. Such interpretation can not be upheld, because it violates the well-known rule of statutory construction that effect must be given to every part of an act in accordance with the legislative intent, which is to be deduced from a view of the whole, and every part of a statute taken and compared together. 25 R.C.L. 1006, section 247.

The special price at which the plaintiff used to sell its automobiles to its dealers and sub-dealers was not their current market price in Puerto Rico. On the contrary, it clearly appears from the very evidence of the plaintiff that said price was not only lower than the price at which dealers resold them, but also lower than that at which the plaintiff itself used to sell them to the general public, in the case of a cash sale where no used car would be taken as part payment of the selling price. This latter price is precisely, to our judgment, the current market price. The appellant invokes the

case of *Indian Motocycle Co.* v. *U. S.*, 283 U.S. 570, 75 L. ed. 1277. That case, however, is not applicable to the one at bar, because there what was construed was section 600 of the Internal Revenue Act of 1924, which levies an excise tax of 5 per cent on the price at which an article is sold or leased, and said federal statute does not contain, as ours does, the provision embodied in said section 4, *supra,* which prescribes that in no case shall a price be accepted as the selling price for the purpose of taxation, which is less than the price currently paid on the market in Puerto Rico.

As stated at the beginning of this opinion, the Treasurer refused to accept as the selling price the special price agreed upon in the transactions between the appellant and its dealers or sub-dealers. Together with the refusal to accept the price in question and as a coercive measure, he refused to sell to it license plates unless it settled the controversy by paying the proper tax. It was then that the appellant, as a compromise, submitted the report that was attached to the complaint showing the special selling price to the dealer which the appellant submitted as the current market price, subject, of course, to its paying the excise tax under protest and then submitting the question to the courts. It was on this condition that the tax was paid. Perhaps in some cases such price might be higher than the current selling price in Puerto Rico, but the appellant has failed to show that such was the case, because although its witness and member, José J. Figueroa, spoke in general terms of the profits that the plaintiff might derive from the sale of automobiles for cash to private individuals, it was not specifically determined what was the current price in Puerto Rico for the different makes of vehicles that appeared to have been sold, according to the exhibit attached to the complaint.

The foregoing leads us to the conclusion that the judgment appealed from is correct and should be affirmed.

Mr. Justice Travieso took no part in the decision of this case.